1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  ALPHONSON TATUM,                     No. 2:20-cv-01296-WBS-CKD P
12           Plaintiff,
13      v.                               ORDER AND
14  GRAY DAVIS,                          FINDINGS AND RECOMMENDATIONS
15           Defendant.
16

17       Plaintiff is a county prisoner proceeding pro se in this civil rights action filed pursuant to
18  42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28
19  U.S.C. § 636(b)(1).
20       Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a
21  declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.
22  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§
23  1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the
24  initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
25  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
26  month's income credited to plaintiff's prison trust account. These payments will be forwarded by
27  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
28  exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

In this action plaintiff sues his former criminal defense attorney from 1986 who "was high" and didn't give him any help resulting in a life sentence. ECF No. 1 at 3. By way of relief,

plaintiff seeks a retrial of his criminal charges and monetary damages for the years of "mental damage" to him.  Id.

On July 8, 2020, plaintiff filed a motion to amend the complaint in order to correct the name of the defendant to Glady Davis rather than Gray Davis.[1]  ECF No. 6.

### III.     Discussion

First and foremost, claims concerning plaintiff's criminal trial are not cognizable under Section 1983.  A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the correct procedural vehicle for a prisoner's challenge to the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  Insofar as plaintiff challenges the effectiveness of the lawyer representing him in his 1986 criminal trial, his claim is  not cognizable in this § 1983 action.

Secondly, plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750–751 (2004).  Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).  In this case, a judgment in plaintiff's favor would necessarily imply the invalidity of his 1986 conviction and sentence.  Consequently, plaintiff's § 1983 action cannot proceed unless and until his conviction is invalidated as required by Heck.  For all of these reasons, the court finds that plaintiff's complaint should be dismissed without prejudice.

### IV.     Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim,

---

[1] All filing dates are calculated using the prison mailbox rule.  Houston v. Lack, 487 U.S. 266 (1988).

3

1  the court has discretion to dismiss with or without leave to amend.  Leave to amend should be
2  granted if it appears possible that the defects in the complaint could be corrected, especially if a
3  plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.
4  United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
5  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
6  the deficiencies of the complaint could not be cured by amendment." (citation omitted)).
7  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,
8  the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.
9        Here, plaintiff's claim is not cognizable in § 1983 and barred by the Heck doctrine.  As it
10 appears amendment would be futile, the undersigned will recommend that this action be
11 dismissed without leave to amend.
12       **V.     Plain Language Summary for Pro Se Party**
13       The following information is meant to explain this order in plain English and is not
14 intended as legal advice.
15       It is recommended that your complaint be dismissed because it fails to state any
16 cognizable claim for relief.  Allowing you to amend the complaint would be futile because your
17 only claim for relief would have to be through a habeas corpus action and not in the present civil
18 rights action.  As a result, it is recommended that you not be granted leave to amend your
19 complaint and that this civil action be closed.  If you disagree with this recommendation, you
20 have 21 days to explain why it is not the correct result. Label your explanation as "Objections to
21 the Magistrate Judge's Findings and Recommendations."
22       In accordance with the above, IT IS HEREBY ORDERED that:
23       1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
24       2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All
25            fees shall be collected and paid in accordance with this court's order to the Sheriff of
26            Butte County filed concurrently herewith.
27       3.   Plaintiff's motion to amend (ECF No. 6) is denied as moot.
28 /////

1  IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave
2 to amend and this case be closed.
3  These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8 objections shall be served and filed within fourteen days after service of the objections.  The
9 parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 Dated:  December 2, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/tatu1296.screening.F&R.docx